STATE TO USE OF JAMES B. LOVELL, Plaintiff in Error, *vs.* J. C. TODD, Defendant in Error.

1. *Curator—Final settlement—Suit by sureties against public administrator.*—The final settlement of a curator with his ward is a lien on the real estate of the curator, to the extent of the indebtedness shown by the settlement; and the failure of a public administrator having the curator's estate in charge, to state the fact of such lien in his petition for the sale of the land, as required by statute, (Wagn. Stat., 95, ¿ 11) would constitute a breach of his bond, but would not render him liable thereon to the sureties on the curator's bond for the sums they had been compelled to pay by reason of the default of the curator. The damages on such proceeding would be too remote and consequential.

### Error to Morgan Circuit Court.

*James A. Spurlock and Ewing & Smith,* for Plaintiff in Error.

I. It is contended for the plaintiff in error, that the settlement made by the guardian in September, 1860, was a judgment and a lien on the guardian's land, and as such should have been taken notice of in the petition for the sale of the land; (Wagn. Stat., § 11, p. 95) and should have been paid without regard to the order of allowance. (Kerr's Adm'r vs. Wimer, 40 Mo., 544.)

II. The bond sued on in this case, contains all the conditions required by law, and the redundant parts are to be treated as surplusage. (Woods vs. State, &c., 10 Mo., 698.)

*Ross,* for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

A guardian and curator of certain wards, having made in the year 1860 a final settlement showing an indebtedness to his wards of some $1400, in the course of a few years died possessed of land to the value of $1500, and of personal property worth $1200. The public administrator took charge of the curator's estate, administered thereon, filed a petition and obtained an order for the sale of the real estate of the curator, (which was bound by the lien of the final settlement to the extent of the foregoing indebtedness) for the payment of

debts, and in the year 1867 sold the land for $1495, and applied that sum to the payment of debts in the 5th and 6th class, and the proceeds of the sale of the personal property to the payment of other debts, to the entire exclusion of the above mentioned judgment lien; and although fully apprized of the existence of such lien, did not state that fact in his petition for the order of sale.

The wards subsequently brought suit against the sureties on the bond of their curator, recovered a large sum, and this suit is brought by one of those sureties against the public administrator on his bond, and it is claimed in the petition filed in the cause, that the conduct of the public administrator in the particulars mentioned, constituted such a breach of his bond as rendered him liable at the suit of the surety for whose use this action is brought.

The court below held otherwise on demurrer, and this brings the sufficiency of the petition under discussion.

While it may be conceded that the final settlement referred to was of that character which would constitute a lien on the realty of the curator to the extent of his indebtedness to his wards, and that the duty of the public administrator was precisely the same in the premises, as though the lien had been created by a judgment in the ordinary course of procedure, and that he was guilty of a manifest breach of his bond in failing to act in accordance with the provisions of § 11, p. 95, 1 Wagn. Stat., yet it by no means follows, that by his failure of duty in this regard, he is liable on his bond at the suit of the surety who has been compelled to pay money at the suit of the wards. And the reason for this is, that the injury inflicted by the acts of the public administrator is too remote, and altogether in the nature of consequential damages. And it must be remembered that there is no privity between the surety on the curator's bond and the persons sued in the present case.

If A., being indebted to B. in the sum of $1000, holds a claim against the estate of C. for that amount, which claim is lost by reason of C's. administrator committing a breach of

his bond, scarcely any one would have the temerity to contend that this state of facts would give a cause of action on the administrator's bond in behalf of B., even if he should lose his debt against A. in consequence of the latter being unable to collect his claim against the estate of C.; and yet the principle is precisely the same in the supposed case, as in that at bar. For these reasons the petition was very properly held insufficient, notwithstanding the fact that breaches of the bond of the public administrator had occurred.

Whether in an appropriate proceeding, the sureties on the curator's bond could be so subrogated as to avail themselves of the lien which was created on the realty of the curator by reason of his final settlement; or whether a court of equity would even go so far as to afford relief in case the lien mentioned be lost in consequence of lapse of time or otherwise, by allowing redress to be afforded in accordance with the terms of the bond, whose conditions have been broken, are questions the necessity of whose discussion this record does not present.

Judgment affirmed; all the judges concur.